Dear Mayor Beckwith,
You have requested an opinion of this office regarding whether the City of Tallulah can make a donation of public funds to the Madison Parish Council on Aging (hereinafter "Council on Aging"). The Council on Aging is a non-profit organization that provides services to the elderly in Madison Parish, including, but not limited to, providing meals to the elderly, providing transportation to and from doctors' offices and the grocery store, and providing recreational activities. The Council on Aging recently had its budget cut and now seeks financial assistance from the Tallulah City Council to pay off some of its debt.
Every expenditure of public funds must be addressed in light of Louisiana Constitution Article VII, Section 14(A).
 Prohibited Uses. Except as otherwise provided by this constitution, the funds, credit, property, or things of value of the state or of any political subdivision shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private. . . .
The Louisiana Supreme Court has ruled that Article VII, Sec. 14 is violated whenever public funds or property are gratuitously alienated.Directors of the Industrial Development Board of the City of Gonzales,Louisiana, Inc. v. All Taxpayers, Property Owners, Citizens of the Cityof Gonzales, 938 So.2d 11, 23, 2005-2298 (La. 9/6/06) (the "Cabela's" case). However, Louisiana Constitution Article VII, Sec. 14(B) contains twelve exceptions to the prohibition against donating public funds. Because this donation of public funds appears to fall within one of the exceptions in La.Const. art. VII, Sec. 14(B), the three-prong Cabela's
test used by our office in determining whether or not a donation is gratuitous, is not applicable. *Page 2 
La.Const. art. VII, Sec. 14(B)(1) provides, "Nothing in this Section shall prevent the use of public funds for programs of social welfare for the aid and support of the needy." Our office has consistently opined that in order to avail itself of this exception, the state must insure that there is some type of objective criteria to properly identify those who are needy. See Atty. Gen. Op. Nos. 01-0290, 01-86, 00-174, 99-250, 97-236.
Based on the foregoing, it is the opinion of this office that the City of Tallulah may contribute funds to the Madison Parish Council on Aging for use in programs for the aid and support of the needy as long as there is some type of objective criteria, such as income level, used to establish those who are truly needy. You may also consider utilizing the provisions of Article VII, Sec. 14(C) of the Louisiana Constitution, which authorizes the state and its political subdivisions to engage in cooperative endeavors for a public purpose with governmental agencies, public or private corporations and/or individuals.
We trust this adequately responds to your request. However, if our office can be of further assistance, please do not hesitate to contact us.
 Yours very truly,
 JAMES D. "BUDDY" CALDWELL
 Attorney General
 By: _________________________
 Lindsey K. Hunter
 Assistant Attorney General
 JDC/LKH/crt